The sentence will be corrected so to read, and, as reformed, the judgment is affirmed.

MORROW, P. J., absent.

## Ray BARTO v. STATE.
### No. 15113.

Court of Criminal Appeals of Texas.
Feb. 24, 1932.

John A. Cook, of Mt. Pleasant, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for murder; punishment, two years in the penitentiary.

We find in the record neither statement of facts nor bills of exception. All matters of procedure appear regular.

The judgment will be affirmed.

## Ray CLICK v. STATE.
### No. 15131.

Court of Criminal Appeals of Texas.
Feb. 24, 1932.

See, also, 39 S.W.(2d) 39.

Alfred Petsch, of Fredericksburg, J. F. Taulbee, of Georgetown, and A. G. Mueller, of Llano, C. E. Patterson, of Georgetown, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for murder; punishment, five years in the penitentiary.

Appellant has filed his affidavit asking to withdraw his appeal. The request is granted.

The appeal is dismissed.

## Joe GILLIAM v. STATE.
### No. 15158.

Court of Criminal Appeals of Texas.
Feb. 17, 1932.

R. E. Eubank, of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is forgery; penalty assessed at confinement in the penitentiary for three years.

There are no matters brought up for review by way of bills of exception or otherwise. The evidence adduced before the trial court is not before us. No error, fundamental or otherwise, has been perceived.

The judgment is affirmed.

## E. J. KING v. STATE.
### No. 14935.

Court of Criminal Appeals of Texas.
Feb. 17, 1932.

Hughes & Monroe, of Dallas, and W. S. Ethridge, of Bandera, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for negligent homicide of the second degree; punishment, two years' imprisonment in the county jail.

There are no bills of exception in the record. We see no good to come from stating the testimony at length. That of the state shows that, while operating his car at a speed of approximately fifty miles an hour upon the Dallas-Oak Cliff viaduct, Dallas, Tex., appellant collided with another car in which were deceased and two others, thereby causing the death of deceased. Appellant took the stand and testified that he was not going more than twenty- or twenty-five miles an hour, and that the collision was caused by the carelessness of the driver of the car occupied by deceased. These questions of fact have been decided adversely to appellant. We find nothing leading us to conclude that there should be a reversal.

The judgment will be affirmed.